UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARINE TRAVELIFT, INC., :
                Plaintiff, :
 :
v. : **MEMORANDUM OPINION**
 : **AND ORDER**
K. GRAEFE AND SONS CORP., d/b/a Petersen :
Boatyard & Marina, : 16 CV 2068 (VB)
                Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Marine Travelift, Inc. ("MTI") brings this action alleging defendant K. Grafe and Sons Corp. willfully infringed its patent when defendant purchased industrial boat-lifting equipment from plaintiff's competitor, ASCOM, knowing the equipment embodied plaintiff's patented technology. After the Court scheduled an initial conference, defendant requested a pre-motion conference in anticipation of filing a motion to stay this case pending the resolution of litigation between MTI and ASCOM in the United States District Court for the Eastern District of Wisconsin. (Doc. #18). At the conference, the parties discussed the proposed motion for a stay, and plaintiff's counsel subsequently submitted a letter opposing the stay. (Doc. #22).

    For the reasons set forth below, this case is stayed pending further order of the Court.

    The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## BACKGROUND

    In April 2014, MTI filed a patent infringement lawsuit against ASCOM and International Boatlift Exchange, Inc. ("IBE"), in the Eastern District of Wisconsin. See Marine Travelift, Inc. v. ASCOM SpA et al., 14-cv-443-WCG (E.D. Wis. 2014) (Griesbach, C.J.) (the "Wisconsin Lawsuit"). MTI alleged ASCOM's boat hoists infringe on four of its patents, including the patent at issue in this case, U.S. Patent No. 8,215,441 (the "441 Patent").

1

MTI moved for a preliminary injunction in the Wisconsin Lawsuit to prevent ASCOM from selling and delivering boat hoists that allegedly infringed on MTI's patents. On August 25, 2014, Chief Judge Griesbach denied the injunction, concluding MTI did not make the requisite showing of a strong likelihood of success on the merits and that MTI did not establish it would be irreparably harmed by continued infringement of its patent.[1]

By the summer of 2014, defendant knew of the Wisconsin Lawsuit. (Compl. ¶ 13; Ans. ¶ 13). In the summer of 2015, defendant allegedly purchased boat hoist equipment from ASCOM. Defendant was advised of MTI's intention to protect its patent rights from infringement and was subpoenaed to produce documents for the Wisconsin Lawsuit. (Id.)

Discovery closed in the Wisconsin Lawsuit on February 19, 2016. ASCOM and IBE filed a motion for summary judgment asserting all the patents at issue, including the 441 Patent, are invalid, and alternatively that ASCOM's products do not infringe on certain of the asserted claims of the 441 Patent. MTI cross-moved for partial summary judgment of infringement of certain claims of the patents, including the 441 Patent. The summary judgment motions are fully submitted and the parties in the Wisconsin Lawsuit await the court's decision.

On March 21, 2016, MTI commenced the instant action alleging defendant willfully infringed on its 441 Patent by purchasing boat hoist equipment from ASCOM. (Doc. #1).

Defendant requests this case be stayed until Chief Judge Griesbach "conclusively decide[s] the validity of the 441 patent." (Doc. #18). Plaintiff opposes the request. (Doc. #22).

---

[1] The Court notes MTI's motion for a preliminary injunction was made before it amended its complaint to allege ASCOM infringed on the patent at issue in this case. MTI filed its amended complaint that included the 441 Patent on September 12, 2014.

2

**DISCUSSION**

I.     Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "A court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action."  Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012) (alteration and emphasis omitted).  The party seeking a stay "bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

Courts consider the following five factors in deciding whether a stay is appropriate:  "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 621 (S.D.N.Y. 2012).  When "it is efficient for a trial court's docket and the fairest course for the parties, a stay is proper, even in cases where the issues in [other pending] proceedings are not necessarily controlling on the action before the court."  Id. at 622.

II.    Stay is Appropriate

The Court exercises its discretion to stay this case pending further Order of this Court.

First, because there is substantial overlap of factual and legal issues between this case and the Wisconsin Lawsuit, the resolution of the pending summary judgment motions may well determine many of the issues in this case.

The central dispute in this case is defendant's alleged infringement of the 441 Patent, one of the four patents in dispute in the Wisconsin Lawsuit.  The factual evidence MTI needs to prove infringement as to the 441 Patent is nearly identical in both cases.  After two years, discovery has now closed in the Wisconsin Lawsuit, and that discovery will substantially overlap with the discovery MTI needs to prove its case here.  If the district judge in the Wisconsin Lawsuit grants summary judgment to ASCOM and IBE on the grounds that the 441 Patent is invalid, it is highly likely MTI would be collaterally estopped from pursuing its case here.  See Commil USA, LLC v. Cisco Sys., Inc., 135 S. Ct. 1920, 1929 (2015) ("To say that an invalid patent cannot be infringed . . . is in one sense a simple truth, both as a matter of logic and semantics.").  Beginning the discovery process in this case while the summary judgment motions are pending in the Wisconsin Lawsuit would risk needlessly replicating the same discovery here.  That would be an unnecessary waste of time and resources for the Court and the parties.

Even if Chief Judge Griesbach does not grant summary judgment to ASCOM and IBE on invalidity grounds and preclude this entire case, the resolution of the summary judgment motions may narrow the issues and simplify this case.  For example, if Chief Judge Griesbach finds the 441 Patent is valid but that ASCOM did not infringe certain of the claims in the 441 Patent, MTI would almost certainly be collaterally estopped from asserting defendant here infringed on those claims of the 441 Patent.  See Nystrom v. Trex Co., 580 F.3d 1281, 1285 (Fed. Cir. 2009) ("For claim preclusion in a patent case, an accused infringer must show that the accused product or process in the second suit is 'essentially the same' as the accused product or process in the first suit.").  Then, the only remaining issues in this case would be whether defendant infringed on the remaining claims in the 441 Patent.  In short, to begin discovery in this case now would risk wasting time and resources on claims that MTI may be collaterally estopped from asserting.

Second, ASCOM, as manufacturer of the boat hoists, is better suited to defend its case than is defendant here, an end-user consumer. See Spread Spectrum Screening LLC v. Eastman Kodak Co., 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."). This is supported by the "customer-suit doctrine," which provides that a later-filed suit between a patent holder and a manufacturer will take precedence over an earlier-filed suit against a customer or end-user. See Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (the customer suit exception "is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse"). The "guiding principles" underlying the doctrine are "efficiency and judicial economy." Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys., 458 F.3d 1335, 1343 (Fed. Cir. 2006).

Although the customer suit doctrine is not directly applicable to the present procedural posture, its guiding principles of efficiency and judicial economy suggest that the Wisconsin Lawsuit should take precedence over the case against defendant here. ASCOM, as the manufacturer, has a greater interest and ability to defend against MTI's claims compared to defendant, a mere customer. To compel defendant to defend the same claims concurrently could well be an inefficient waste of the parties' and the Court's resources.

In its letter opposing defendant's request for a stay, MTI argues (i) a stay will prejudice it, (ii) defendant failed to articulate any cognizable hardship or inequity, (iii) ASCOM will not be prejudiced by a stay, and (iv) the public interest weighs in favor of the case progressing.

These arguments are unavailing.

First, MTI contends "the Wisconsin Lawsuit could go on indefinitely" and is therefore "presumptively prejudicial." (Doc. #22 at 3). As explained below, this Order does not stay this action until the final resolution of the entire Wisconsin Lawsuit; rather, it directs the parties to file a joint letter within thirty days of the resolution of the pending summary judgment motions, explaining how Chief Judge Griesbach's decision affects the proceedings in this case. Thus, the stay is not indefinite and is not tied to a final resolution of the Wisconsin Lawsuit.

MTI also argues it would be prejudiced because its "willfulness allegations depend on discovery concerning Defendant's subjective beliefs" and therefore a stay would present a tactical disadvantage to MTI. (Doc. #22 at 3). But the mere possibility that a delay would lead to a witness being unable to recall specific subjective beliefs, without more, is speculative. This does not rise to the level of prejudice that would outweigh the Court's interest in controlling its docket in the interests of judicial economy.

Second, MTI argues defendant failed to articulate any hardship necessitating a stay because defendant's argument that the Wisconsin Lawsuit may resolve major issues in this case is "without merit." (Doc. #22 at 3). MTI contends "major issues in this case . . . are unlikely to be resolved by the Wisconsin Lawsuit . . . [because] ASCOM and IBE are unlikely to succeed." (Id.) To the extent MTI is inviting the Court to base its decision whether to stay this case on the merits of the pending motions in the Wisconsin Lawsuit, the Court declines to do so. Moreover, if ASCOM and IBE do succeed, MTI may be collaterally estopped from bringing some or all of its claims in this case.

Even accepting MTI's third and fourth arguments as true – that there is no prejudice to ASCOM or IBE and the public interest weighs in favor of the case progressing – these factors do

not undermine the great potential for efficiency that may result if the resolution of the pending summary judgment motions precludes MTI from bringing some or all of its claims in this case.

## CONCLUSION

For the foregoing reasons, this case is stayed pending further order of the Court.

The parties shall submit a joint letter within thirty days of the resolution of the summary judgment motions in the Eastern District of Wisconsin, explaining how the court's decision in that case affects the proceedings in this case. If the motions are still pending on September 2, 2016, plaintiff's counsel shall so advise the Court by letter.

Dated: June 3, 2016
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge